IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JOHN LOVELACE, JR.**                                                  **PLAINTIFF**

v.                                                                           No. 3:22CV209-JMV

**SHERIFF GREG POLLAN, ET AL.**                                      **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of John Lovelace, Jr., who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants used excessive force against him, failed to timely hold an initial appearance after his arrest, and arrested him without probable cause. For the reasons set forth below, defendants Calhoun County Jail and Calhoun County Circuit Court will be dismissed with prejudice from this case. The case will, however, move forward as to defendants Sheriff Greg Pollan and Jail Administrator Andy Eubanks.

**Factual Allegations[1]**

In June of 2020 plaintiff John Lovelace, Jr. was incarcerated in Memphis, Tennessee. In

---

[1] In his complaint, the plaintiff mentioned events from a 2019 stay at the Calhoun County Jail (being attacked by another inmate). He was treated for a broken eye socket at the hospital then released from custody. These allegations do not state a valid § 1983 claim and are unrelated to the remaining allegations; as such, the court has not included them in its discussion.

November of 2021, while incarcerated in Memphis, he posted a bond so that he could remain out of jail while awaiting a Calhoun County, Mississippi hearing set for March 28, 2022. On the morning of the hearing, Lovelace and a Shelby County Deputy informed the Calhoun County Clerk's Office that the plaintiff had been the victim of a "felonious crime" and would not be able to attend the hearing. Someone from the Clerk's Office informed Lovelace that no warrant would issue regarding his absence from the hearing.[2] However, the Shelby County Sheriff's Office informed the Calhoun County Circuit Court that Lovelace had been arrested for misdemeanor vandalism, and the Circuit Judge issued a warrant for his arrest (likely for violation of the ordinary terms of a bond agreement – both for failure to appear for the hearing and being arrested for another offense). On April 13, 2022, Lovelace was arrested on that warrant by the Shelby County Fugitive Recovery Team and transported to the Calhoun County Jail.

Upon arrival at the jail he was placed in the drunk tank and lay on the bunk. As Lovelace lay there, Jail Administrator Andy Eubanks stuck his arm through the tray hole and sprayed him with mace. Eubanks also took cash from Lovelace's wallet and failed to process him into the computer system for nine days. As he was not placed in the system, he was not scheduled for an initial appearance, arraignment, or bond hearing during that time. When Lovelace's father checked to see why there was such a long delay without a court hearing, the Circuit Clerk told him that their office was unaware that Lovelace had been arrested.

On April 26, 2022, he was transported to the courthouse, and attorney Ben Suber was appointed to represent him. Lovelace told counsel that he had already accepted a plea in Lafayette County that included the Calhoun County charge. He was escorted to a waiting room, where Sheriff

---

[2] Lovelace did not state who perpetrated the "felonious crime" against him or what the crime was.

Greg Pollan told him "Memphis is coming to get you." Lovelace interpreted this statement to mean that Tennessee authorities had placed a hold on him (so that Calhoun County could not release him until the Tennessee authorities arrived to pick him up to face charges there.) Lovelace's father inquired of Tennessee authorities for over two months, but the Tennessee Department of Corrections and the Shelby County Fugitive Department both denied placing a hold on Lovelace or speaking with Sheriff Pollan. Lovelace relayed this information to the Sheriff, who took no action on it. Lovelace was transported to the Lafayette County Detention Center on July 6, 2022, but remained in jail "because Calhoun County has still refused him his due process."

## Plaintiff's Claims

The plaintiff's allegations implicate several claims for § 1983 relief. First, his allegation regarding Eubanks spraying him with mace without provocation states a claim for use of excessive force. The allegation regarding Eubanks taking the plaintiff's cash states a claim for the taking of property without due process of law. Though less clear (due to the multiple charges simultaneously levied against the plaintiff from different jurisdictions), his allegations regarding the delay in his initial appearance after his arrest on the Calhoun County warrant arising out of his failure to appear at the hearing of March 28, 2022, implicate violation of his Fourth Amendment right to a prompt initial appearance.[3] Also, the plaintiff alleges that the Calhoun County authorities were incarcerating him based upon the mistaken belief that another jurisdiction had put a "hold" on him; as such, he may have stated a claim for seizure of his person without probable cause.

## Calhoun County Jail Not Amenable to Suit

---

[3] *See, generally*, *Gerstein v. Pugh*, 420 U.S. 103 (1975); *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

As an initial matter, the Calhoun County Jail must be dismissed from this case, as a jail is not amenable to suit under Mississippi law. An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed.R.Civ.P. 17(b). Under Mississippi law, jails and prisons are not amenable to civil suit. *Campbell v. Thompson*, 2015 WL 5772535 (S.D. Miss.), *Simmons v. Harrison County Sheriffs Dept.*, 2015 WL 4742381 (S.D. Miss.) The Calhoun County Jail will thus be dismissed with prejudice from this suit for failure to state a claim upon which relief could be granted.

## Judicial Immunity

Defendant Calhoun County Circuit Court is cloaked with absolute judicial immunity and must be dismissed from this case. Under the doctrine of judicial immunity, judicial officers are absolutely immune from civil liability for acts performed in the exercise of their judicial function. *Mireles w. Waco*, 502 U.S. 9, 10 (1991). Indeed, "[j]udicial immunity is an *immunity from suit* and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (emphasis added). Judicial immunity may be pierced in two circumstances: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune from actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Bowling v. Roach*, No. 19-41003, 2020 WL 2838622, at *3 (5th Cir. May 29, 2020), *quoting Mireles v. Waco*, 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

Four factors determine whether a judicial officer's actions are judicial in nature: (1) whether the acts are a normal judicial function; (2) whether the acts occurred in a courtroom or other judicial space; (3) whether the complained-of acts relate to a case pending before the

judicial officer; and (4) whether the acts relate directly to an appearance before the judicial officer in his official capacity. *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).

Section 1983 also provides absolute judicial immunity to judicial officers against claims for injunctive relief:

> [I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Judges also enjoy absolute immunity from civil claims for damages in *Bivens* actions. *Villegas v. Galloway*, 458 F. App'x 334, 337 (5th Cir. 2012). Absolute judicial immunity even extends to *Bivens* claims for injunctive relief:

> More recently, courts have extended this absolute judicial immunity to *Bivens* suits for injunctive relief. *See, e.g., Bolin v. Story,* 225 F.3d 1234, 1242–43 (11th Cir. 2000); *Mullis v. U.S. Bankr.Ct. for Dist. of Nev.,* 828 F.2d 1385, 1391–94 (9th Cir.1987); *Emerson v. United States,* No. 12–884, 2012 WL 1802514, at *3 (E.D.La. Apr. 30, 2012); *Boyd v. Vance,* No. 09–7643, 2010 WL 235031, at *2 (E.D.La. Jan. 13, 2010); *Wightman v. Jones,* 809 F.Supp. 474, 479 (N.D.Tex. Dec. 7, 1992). In so doing, these courts have cited policy considerations as well as congressional amendments to Section 1983 law extending immunity against such claims to suits for injunctive relief in most circumstances. *See, e.g., Wightman,* 809 F.Supp. at 476–79.

*Thibodeaux v. Africk*, No. CIV.A. 14-921, 2014 WL 3796078, at *3 (E.D. La. July 30, 2014).

Our sister court in the Southern District has come to the same conclusion, holding, "judicial Defendants are absolutely immune from suit for monetary damages as well as equitable relief." *Edmonson v. Lee*, No. 3:08CV149-LTS, 2008 WL 2080912, at *3 (S.D. Miss. May 9, 2008). This court also recognizes absolute judicial immunity for all types of suits, whether grounded in law or equity.

In this case the court's actions were all judicial in nature, such as issuing orders and warrants. As such, the Calhoun County Circuit Court will be dismissed with prejudice from this suit under the doctrine of absolute judicial immunity.

## Conclusion

For the reasons set forth above, defendants Calhoun County Jail and Calhoun County Circuit Court will be dismissed with prejudice from this case. A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 25th day of October, 2022.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE